IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Winner Dawan Mate,                    :

    Plaintiff,

        v.                            :       Case No. 2:12-cv-834

Ohio Rehabilitation and
Correctional, et al.,                 :       JUDGE GREGORY L. FROST
                                                   Magistrate Judge Kemp

    Defendants.                       :

## REPORT AND RECOMMENDATION

    Plaintiff, Winner Dawan Mate, has submitted a complaint and a request for leave to proceed *in forma pauperis*. He qualifies financially for a waiver of the required filing fee, so the Court will grant his application to proceed. However, for the following reasons, it will recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

### I. Factual Background

    Mr. Mate's complaint, which names a large number of defendants, appears to be focused on one particular event: the imposition of a sentence of post-conviction control by an Ohio court back in 2006. According to the complaint, Mr. Mate was originally sentenced to a prison term in March, 2002. At that time, he claims that he was not sentenced to serve a term of post-release control which would take effect after his release from prison. However, when he was released in 2006, post-release control was imposed. He claims that such a term was lawful only if he had been given notice of a new sentencing hearing and only if such a hearing had been held - and he says that never happened, although he alleges that a new sentencing entry was filed in March of 2006 which included a post-release control term.

    After that date, Mr. Mate claims that he has been subjected

to continuous physical restraint for violations of post-release control.  Among other places, he alleges he has been sent to the Lucas County Jail, a halfway house, mental health facilities, and institutions under the control of the Ohio Department of Rehabilitation and Correction.  He seeks $100,000,000.00 in damages for the alleged violation of his rights.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress through 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent.  Denton v. Hernandez, 504 U.S. 25, 31 (1992).  The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof."  28 U.S.C. §1915(a)(1).

However, 28 U.S.C. §1915(e)(2) requires the Court "to dismiss the case at any time if the court determines that …(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A suit is frivolous if it lacks any arguable foundation in either fact or law.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

The Court is mindful that *pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).  It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by Mr. Mate.

## III.  Discussion

There are a large number of legal problems with Mr. Mate's complaint. Some of the defendants, like the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority, cannot be sued for damages in a federal court because they are immune from such suits under the Eleventh Amendment to the United States Constitution. See Foulks v. Ohio Dept. of Rehabilitation and Correction, 713 F.2d 1229 (6th Cir. 1983), and, as more fully discussed below, the statute of limitations may have run on a number of his claims, including his primary claim concerning the 2006 sentencing proceedings. However, the most significant legal issue raised by the complaint is that Mr. Mate cannot recover damages for either being placed illegally on post-release control or for having been accused of violating that control unless and until he obtains a decision either from a state court or from this Court (which could only occur in a habeas corpus case) that the post-release control is invalid. He has not alleged that this has occurred, and his damage claims cannot be decided by this court in an action brought under 42 U.S.C. §1983.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that no §1983 cause of action for money damages arising out of an allegedly unlawful incarceration exists unless and until the underlying sentence or conviction is legally eliminated. Under Heck, a §1983 plaintiff "must prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" before any suit for money damages relating to that sentence or conviction can be commenced. Id. at 486-87. If a judgment in favor of the plaintiff would necessarily imply that a conviction or sentence was invalid, the court is to dismiss the action unless the conviction or sentence has been previously invalidated. Id.

Consistent with Heck, the Court, when faced with a complaint like Mr. Mate's must ask this question: if Mr. Mate won this case by proving that he had been unconstitutionally placed on post-release control or subjected to unlawful proceedings to revoke that status, would that call into question the validity of either his underlying conviction or his sentence?  The answer to that question is clearly yes.

There are really two parts to Mr. Mate's claim, as the Court reads the complaint.  One type of governmental action which Mr. Mate appears to be complaining about is a series of revocations of his post-release control.  Although his complaint is not completely clear on this issue, he seems to be saying that false charges have been filed against him, or that he was subjected to improper procedures which led to his being sent back to jail or to some other type of custodial facility such as a halfway house. The falsity of the charges appears to be based on the fact that, in his view, Mr. Mate never was legally subject to post-release control, so that any claim that he violated its restrictions would necessarily be false.  But Mr. Mate has not claimed that he ever challenged, in state court or elsewhere, any of these actions or the underlying sentence of post-release control. Additionally, he does not allege that, as result of any such challenge, he has succeeded in getting any particular revocation of post-release control, or the post-release control itself, set aside.  If this Court were to find that his post-release control had ever been illegally revoked, that ruling would call into question the validity of an underlying state criminal decision - not a conviction, perhaps, but either a determination by the Parole Authority which led to the imposition of a sentence, or the sentencing entry filed in 2006 - and that is exactly the type of decision which Heck v. Humphrey forbids.

Other federal courts which have been faced with the same issue have reached the same conclusion.  For example, in Crow v.

Penry, 102 F.3d 1086 (10th Cir. 1996), the plaintiff was serving a parole term and, after he was arrested and sent to prison for a parole violation, sued for damages under §1983. The Court of Appeals dismissed that claim because the Supreme Court's decision in Heck "applies to proceedings that call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d at 1087. The Court of Appeals for the Eleventh Circuit decided a case, Vickers v. Donahue, 137 Fed. Appx. 285 (11th Cir. June 28, 2005) the same way. There, the plaintiff claimed that his probation officer stated falsely that he had violated his community control, and that those false statements led to his being sent back to jail. The court noted the plaintiff's claim, "if successful, would completely invalidate two of the grounds for which his community control was revoked in the first place without first having had a 'favorable termination' as required under Heck." Vickers v. Donahue, 137 Fed. Appx. at 290. There are many other decisions just like these. See, e.g., West v. Eskes, 2008 WL 4283056, *6 (W.D.Wash. Sept. 17, 2008), which held that a claim just like Mr. Mate's had to be dismissed because "plaintiff has not established that his probation revocations and re-incarceration has been invalidated on appeal, by a habeas petition, or through some similar, favorable proceeding." Neither has Mr. Mate. Unless and until he obtains a ruling from a state or federal court in a habeas-type proceeding that any of his revocations were invalid (and there would be a host of problems with any federal habeas corpus action he might file, not the least of which would be the one-year statute of limitations which applies in such cases, see 28 U.S.C. §2244(d)), he cannot sue the people involved for damages on the grounds that they violated his constitutional rights when they either imposed or revoked his post-release control.

It may be, of course, that Mr. Mate is no longer serving any of the sentences he received when his post-release control was

revoked, and perhaps he is no longer subject to post-release control. He might argue that, because he is no longer able to ask to have those sentences invalidated because he has finished serving them, Heck should not apply. However, the Court of Appeals for the Sixth Circuit has rejected that exact argument. In Powers v. Hamilton Co. Public Defender Comm'n, 501 F.3d 592, 602-03 (6th Cir. 2007), the Court of Appeals concluded that while "Heck's favorable-termination requirement cannot be imposed against §1983 plaintiffs who lack a habeas option for the vindication of their federal rights," it could be imposed on prisoners who "could have sought and obtained habeas review while still in prison but failed to do so."

Ohio allows persons who have had their post-release control revoked to challenge that action. As this Court has said, "claims challenging parole revocations may be raised in a state habeas corpus petition pursuant to Ohio Rev.Code §2725.01 et seq., or in a state writ of mandamus pursuant to Ohio Rev.Code §2731.01 et seq." Boswell v. Warden, Lebanon Correctional Inst., 2008 WL 4411416, *9 (S.D. Ohio Sept. 29, 2008). Mr. Mate could have challenged any of the revocations he complains about, and, if he was right about the falsity of the accusations which led to his being sent back to jail, he could have had those revocations set aside. Moreover, if his primary claim is that he never should have been on post-release control in the first place, he has had many opportunities since it was imposed back in 2006 to challenge its legality, including directly appealing the sentencing entry. Even if someone serves a short sentence for violating post-release control and cannot reasonably challenge that sentence, the fact that the person remains on such control after being released from custody allows for a challenge to the post-release control itself. As the court said in Williams v. Caruso, 2009 WL 960198, *11 (E.D. Mich. April 6, 2009), about a plaintiff who complained about having his parole revoked but who

had finished serving his sentence for the violation, "[w]hile not presently in custody as a result of the parole violation, plaintiff is still subject to parole and presumably will be subject to parole for a period of time. Applying that test to the present situation, ... plaintiff would be eligible for habeas jurisdiction and Heck... bars the present suit." The same reasoning applies here.

There are other reasons why Mr. Mate's complaint fails to state a claim. If Heck did not bar his challenge to the imposition of post-release control in 2006, then that claim accrued in 2006 when the allegedly illegal sentence was imposed. The statute of limitations for cases filed under 42 U.S.C. §1983 is two years. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). Further, even though the allegedly illegal custody continued beyond the date that the sentence was imposed, any action taken by the defendants which was based on the fact that Mr. Mate was on post-release control (even if that control was not lawfully imposed) stemmed directly from the March, 2006 imposition of that sentence. When that is the case, the statute of limitations runs from the date the sentence was imposed; "[a] continuing violation in a §1983 action occurs [only] when there are continued unlawful acts, not by continued ill effects from the original violation." Kovacic v. Cuyahoga County Dep't of Children and Family Services, 606 F.3d 301, 308 (6th Cir. 2010).

From this discussion, it is evident that the complaint does not state a plausible claim for relief. Because that is so, it must be dismissed under 28 U.S.C. §1915(e)(2).

### IV. Recommended Disposition and Order

Plaintiff's application for leave to proceed *in forma pauperis* (#1) is granted. Further, it is recommended that the complaint be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge