IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Winner Dawan Mate,

    Plaintiff,

        v.                                 Case No. 2:12-cv-834

Ohio Rehabilitation and
Correctional, et al.,                   JUDGE GREGORY L. FROST
                                                 Magistrate Judge Kemp

    Defendants.

**OPINION AND ORDER**

On September 11, 2012, Plaintiff Winner Dawan Mate, a *pro se* litigant, filed a complaint and a request for leave to proceed *in forma pauperis*. The Magistrate Judge granted his request to proceed without payment of the filing fee. F 3. In the same document, however, the Magistrate Judge recommended that the complaint, which was screened under 28 U.S.C. §1915(e)(2), be dismissed for failure to state a claim. Mr. Mate filed a timely objection. ECF. No. 5. For the following reasons, the Court will overrule the objection and dismiss this case.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b) (1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

II.

As the Report and Recommendation notes, all of Mr. Mate's claims relate to a state court criminal case. More specifically, Mr. Mate is trying to challenge the validity of a *nunc pro tunc* order that the Lucas County, Ohio Court of Common Pleas issued on March 13, 2006. As reflected both in the complaint and on that court's website, the entry states that Mr. Mate (under the name of Dawan Clayborne) entered a no contest plea on March 4, 2002, to a charge of burglary and was sentenced to serve two years in prison, consecutively to a sentence he was

already serving based on a conviction from Williams County, Ohio.  On March 13, 2006, the Lucas County court corrected its sentencing entry to include a post-release control notice, which was mandated by state law but apparently not made part of the original sentencing entry.  According to Mr. Mate, because he was not present when the court issued its *nunc pro tunc* entry, his due process rights and his right to counsel were violated and the sentence of post-release control is and was void.  He seeks damages for having had to serve this sentence and, at times, being placed back in jail because he violated the terms of post-release control.  The Report and Recommendation concluded that the complaint failed to state a claim because Mr. Mate has never had the sentence of post-release control invalidated by any court and, as a result, his claims are barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).  The Report and Recommendation also held that a number of the defendants, being arms of the State of Ohio, were immune from suit under the Eleventh Amendment.

In his objections, Mr. Mate does not argue that the Eleventh Amendment does not apply to state agencies.  He does assert that under Ohio Rev. Code §2743.02(A)(1), the State may be sued for wrongful imprisonment, but that statute, which is part of the Court of Claims Act, permits such suits to be filed only in the Ohio Court of Claims and does not constitute a waiver of Eleventh Amendment immunity for suits filed in federal court.  See State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2, 694 F.2d 449, 460 (6th Cir. 1982)("the Ohio Court of Claims Act amounted to a waiver of sovereign immunity only for claims which were themselves determined in the Ohio Court of Claims, but acted as no waiver for actions brought in a federal court").  The more significant issue he raises is whether Heck v. Humphrey actually bars his claims.

III.

The Report and Recommendation accurately summarized the holding in Heck as follows:

> In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that no §1983 cause of action for money damages arising out of an allegedly unlawful incarceration exists unless and until the underlying sentence or conviction is legally eliminated.  Under Heck, a §1983 plaintiff "must prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"

2

before any suit for money damages relating to that sentence or conviction can be commenced. Id. at 486-87. If a judgment in favor of the plaintiff would necessarily imply that a conviction or sentence was invalid, the court is to dismiss the action unless the conviction or sentence has been previously invalidated. Id.

The Magistrate Judge, citing to decisions such as Crow v. Penry, 102 F.3d 1086 (10th Cir. 1996) and Vickers v. Donahue, 137 F. Appx'x 285 (11th Cir. June 28, 2005), held that Heck applies not only to prison sentences but also to non-custodial sentences like post-release control. Because all of Mr. Mate's claims - both that the original entry that imposed post-release control was invalid and that any subsequent revocations of post-release control were also invalid - necessarily imply the invalidity of his sentence, the Report and Recommendation concluded that all of his claims should be dismissed.

In his objections, Mr. Mate claims that a §1983 action is the proper way to challenge unconstitutional procedures relating to parole or similar types of non-custodial sentences. He cites the Court of Appeals' decision in  Dotson v. Wilkinson, 329 F.3d 463 (6th Cir. 2003), aff'd 544 U.S. 74 (2005) for that proposition. Mr. Mate is correct that Dotson did allow some challenges to parole procedures to be brought under §1983 rather than under the habeas corpus statute, 28 U.S.C. §2254, but that does not assist him in this case.

Dotson involved a different issue than the question raised by Mr. Mate's challenge to the validity of the Lucas County Common Pleas Court's order. In Dotson, the plaintiff prisoners did not seek to have any part of their sentences either shortened or vacated altogether. Rather, they claimed that the application of new parole guidelines to their cases, rather than the application of parole guidelines in effect at the time they were sentenced, violated the Due Process and *Ex Post Facto* Clauses of the United States Constitution. The relief they sought was neither damages for allegedly wrongful incarceration past their presumptive parole dates nor immediate release from prison; rather, they simply asked the courts to direct state officials to hold a parole hearing at which the prior guidelines would be applied. Because this relief, if granted, would not have given either plaintiff "either 'immediate release from prison,' or the 'shortening' of his term of confinement," the Supreme Court held that the proper remedy for the plaintiffs was a §1983 action. The Supreme Court further held that Heck was no bar to relief because granting a new parole hearing did not necessarily imply the invalidity of the plaintiff's convictions or the

sentences they were currently serving and, in fact, would not necessarily result in their earlier release from confinement.

It is easy to see the differences in these two situations. Here, Mr. Mate is not asking for declaratory or injunctive relief that would result only in a new hearing at which proper procedures might be applied. Further, unlike the plaintiffs in Dotson, he is seeking damages for wrongful restriction or incarceration. Deciding those claims would necessarily imply that his post-release control sentence was invalid, and that is what Heck forbids. Finally, to the extent that he might be arguing that his complaint should be construed as a petition for a writ of habeas corpus, he is well past the one-year statute of limitations set forth in 28 U.S.C. §2244(d) for challenging the sentencing entry, and he has not alleged that he exhausted any state remedies for challenging that entry, such as taking a direct appeal, or any remedies available to him at the time he underwent a revocation proceeding. Ohio does, as the Report and Recommendation points out, provide a remedy for that type of action. See Boswell v. Warden, Lebanon Correctional Inst., No. 1:07cv702, 2008 WL 4411416, at *9 (S.D. Ohio Sept. 29, 2008)(holding that parole revocations can be challenged by way of an action for a writ of mandamus filed under Ohio Rev. Code §§2731.01 *et seq.*).

IV.

For all of these reasons, the Court **OVERRULES** Plaintiff's objections (ECF. No. 5) to the Report and Recommendation (ECF. No. 3) and **ADOPTS AND AFFIRMS** the Report and Recommendation in its entirety. This case is **DISMISSED** under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this Order to the defendants.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE